UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SHAH, | No. 2:21-cv-0232 AC P |
| Petitioner, | |
| v. | ORDER |
| ALPINE COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner, proceeding pro se, has filed what purports to be a petition for writ of habeas corpus and has paid the $5.00 filing fee for petitions for writ of habeas corpus. ECF No. 1. The petition was initially filed in the United States District Court for the Northern District of California.

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While it appears that petitioner is no longer incarcerated, it is unclear whether he is on parole, and an individual who is on parole is still considered to be "in custody," Maleng v. Cook, 490 U.S. 488, 491 (1989). However, even assuming that petitioner satisfies the custody requirement, he fails to state a cognizable habeas claim. Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In this case, the relief petitioner

appears to seek is the return of or compensation for his vehicle and to have his arrest records cleared, ECF No. 1 at 2, 7, both of which fall outside the scope of habeas.

In transferring the case to this court, the Northern District Court construed the petition as a claim for the violation of petitioner's Fourth and Fifth Amendment rights under 42 U.S.C. § 1983.  ECF No. 4 at 1.  Petitioner will therefore be given the option to either voluntarily dismiss his petition or to convert this action to a civil rights complaint.[1]  If petitioner chooses to convert this action to a civil rights complaint, he must also submit an amended complaint that names a proper party[2] and either an application to proceed in forma pauperis or the $402.00 in filing fees for a civil action, minus the $5.00 he has already paid.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within twenty-one days of the service of this order, petitioner must notify the court whether he would like to voluntarily dismiss the petition or convert this action into a civil rights complaint under 42 U.S.C. § 1983.

2.  If petitioner chooses to convert this action to a complaint under 42 U.S.C. § 1983, his notification must be accompanied by an amended complaint and either a completed application to proceed in forma pauperis or the remaining $397.00 in filing fees.

DATED: February 9, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] In giving petitioner this option, the court makes no representations as to the merits of petitioner's claims or his chances of success.

[2] Claims against state courts are barred by sovereign immunity.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." (citations omitted)); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997) ("[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency." (alteration in original) (citation and internal quotation marks omitted)).